UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAR 31 PM 2:04
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

| | |
|---|---|
| EARL R. KEY, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Cause No._____ |
| ) | |
| ENDRESS+HAUSER International Holding AG, ) | |
| ENDRESS+HAUSER, Inc. (U.S.A.), ) | |
| Defendants. ) | |

1:03-CV-0454 SEB - VSS

**COMPLAINT**
**WITH A JURY REQUEST**

This is a contract law action of promissory and equitable estoppel filed by Earl R. Key, Jr.. Plaintiff is alleging a wrong and continuing wrong by the Defendants, who have also broken an implied covenant of good faith and fair dealing. Plaintiff is seeking money damages and requests a trial by jury.

**JURISDICTION**

1. This is a promissory estoppel, equitable estoppel, good faith and fair dealing action. This Court has diversity jurisdiction under 28 U.S.C. Sec. 1332. Plaintiff also invokes the pendent jurisdiction of this Court.

**PLAINTIFF**

2. Plaintiff Earl R. Key previously performed creative and other work for the Defendants. Plaintiff resides at 7866 Jennifer Drive, Indianapolis, IN 46214.

1

## DEFENDANT

3. Defendant Endress+Hauser International Holding AG (hereafter E+H Group) is a multi-national manufacturer of process measurement instruments, with locations worldwide. Defendant E+H Group claims that it is a "group organised as a world-wide network of legally independent enterprises whose activities are managed and co-ordinated by a holding company in Reinach, Switzerland." Its address is Kägenstrasse 7, CH-4153 Reinach, Switzerland.

4. Defendant Endress+Hauser, Inc. (hereafter E+H USA) is an entity of the E+H Group. Its United States headquarters is located at 2350 Endress Place, Greenwood IN 46143.

## FACTS

5. During the years 1993 to 1996, Plaintiff worked as a sub-contractor for a small company called "Accent Technical Services" (hereafter, "Accent").

6. During this time, Defendant E+H USA contracted directly with Accent for preparation of catalogs, brochures, artwork, and other document services.

7. Plaintiff was the sole individual preparing documents for E+H USA at that time.

8. Late in 1996, Accent began to fall apart as a company and began to terminate its employees and bring sub-contracted work inside. Accent attempted to recreate the work of the Plaintiff but this was unsatisfactory to E+H USA.

9. Kathleen Spindler is the Marketing director for E+H USA. Plaintiff approached Kathleen Spindler about doing the work directly that had been previously done through Accent. Both Plaintiff and Defendant agreed that Plaintiff would now do all of the work that had previously been contracted out to Accent.

10. In the ensuing months and years, Plaintiff was tasked also to develop demonstration CDs, as well as to produce, print and prepare many of the marketing materials for the Defendants.

11. Over the following years, Plaintiff did so much work that for the years 1997 through 2000, he was a de-facto "employee" of Defendants. While nothing was formalized, the implied agreement was and remained that E+H Group and E+H USA would keep Plaintiff gainfully employed.

12. At no time was it stated, inferred or otherwise noted that Plaintiff's work was in any way unsatisfactory to the Defendants. Indeed, at a corporate open house where Defendant's founder was attending, Plaintiff's latest creation played on the screen.

13. In the Summer of 2000, Kathleen Spindler was temporarily replaced late in her pregnancy. Discussions were had between Plaintiff and Ms. Spindler such that during this time, the work Plaintiff was doing would slow down but would resume again at a normal pace once she was back in control.

14. Plaintiff and Ms. Spindler met in October 2000 and discussed making two new CD projects. Ms. Spindler asked if Plaintiff would be available to do the work. Plaintiff assured her that he would. Ms. Spindler stated that Plaintiff would be doing the work "soon."

15. Plaintiff put his remaining funds into upgrading computer equipment and paying operating expenses. Plaintiff did not seek other work to fill time blocked out to prepare these projects for the Defendants.

16. Plaintiff stayed in contact with Ms. Spindler as best as possible, with intermittent promises from Ms. Spindler that "I'm sending those projects over this week". When Plaintiff spoke with Ms. Spindler, first in October, she stated that the work would be sent over "within 2 weeks". In early November, she stated that work would be forthcoming "before the holidays" In March 2001, Ms. Spindler stated that Plaintiff would have the work "this week."

17. At no time could Plaintiff see that he could not count on promises made.

18. On April 2, 2000, Plaintiff wrote Ms. Spindler a letter terminating the working relationship with the Defendants. That letter was sent certified mail. A copy of that letter was also sent certified mail to Mr. Mr. Joe Schaffer, General Manager of E+H USA.

19. Plaintiff has suffered grievous financial and life damages. Plaintiff lost income for 6 months based directly on promises made by the Defendants and lost opportunities from work that he did not pursue.

20. As a direct result of Defendants actions, Plaintiff was evicted from his home, and left homeless for 9 months and has suffered the effects of liens and judgments staining his credit record and leaving him vulnerable to creditors.

21. Defendants have made a tacit admission of guilt, with no denial of the facts stated in the Plaintiff's letters, despite the passage of nearly 2 years.

22. Defendants have done nothing to mitigate damages to the Plaintiff.

## CLAIMS

FIRST CAUSE OF ACTION

Paragraphs 1 through 22 are hereby realleged by incorporation.

23. The actions of Defendants violated the doctrine of promissory estoppel. Defendants made clear and definite promises with the expectation that the Plaintiff would rely thereon and Plaintiff did actually make a reasonable reliance on those promises to his substantial and definite detriment.

SECOND CAUSE OF ACTION

Paragraphs 1 through 22 are hereby realleged by incorporation.

24. Defendants breached the duty of good faith and fair dealing when they misrepresented and concealed material facts with the intention, expectation, and clear knowledge that the Plaintiff would act on those misrepresentations.

SECOND CAUSE OF ACTION

Paragraphs 1 through 22 are hereby realleged by incorporation.

25. Defendant's breached the equitable estoppel doctrine when their conduct caused the Plaintiff to reasonably believe that the implied contract would not be terminated and caused the Plaintiff to incur substantial damages in reliance on the defendant's promise that the contract would continue.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

A. Grant COMPENSATORY damages in the following amounts: 1) $1,000,000 against Defendants E+H Group and E+H USA.

B. Grant PUNITIVE damages in the following amounts: 1) $1,000,000 against Defendants E+H Group and E+H USA.

C. Award attorney fees and costs incurred in this action and all other relief as may be appropriate under 42 U.S.C. 1988, or other applicable state or federal section or statute.

D. Grant such other relief as it may appear Plaintiff is entitled.

Respectfully submitted,


Earl R. Key

Plaintiff, pro se

7866 Jennifer Drive

Indianapolis, Indiana 46214

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via first class, U.S. Mail, prepaid, this 31st day of MARCH, 2003, to the following:

Mr. Joe Schaffer

General Manager

Endress+Hauser, Inc.

2350 Endress Place

Greenwood IN 46143


Dieter Schaudel, Dipl. Ing.

Director

Endress+Hauser International Holding AG

Kägenstrasse 7, CH-4153 Reinach

Switzerland


Signed: _____
Earl R. Key, Jr.

## VERIFICATION

The above-mentioned individual, Earl R. Key, hereby swears under the penalties of perjury that the foregoing representations are true to the best of his knowledge and belief.

Now signed and dated in Indianapolis, Indiana, this 31st day of MARCH, 2003.

*[signature]*
Earl R. Key

State of Indiana

County of Marion        SS:

Subscribed and sworn to before me, a Notary Public in and for the State of Indiana and County of Marion, this 31 day of March, 2003.

My Commission Expires:

May 12, 2007

Notary Public
*[signature]*